## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:22-CR-560-11 |
| | § | |
| JUAN HECTOR RAMIREZ AVILA, | § | |
| Defendant. | § | |

### PLEA AGREEMENT

The United States of America, the defendant, Juan Hector Ramirez Avila ("Defendant"),

and Defendant's counsel, pursuant to Rule 11(c)(1)(A) & (C) of the Federal Rules of Criminal

Procedure, state that they have entered into an agreement, the terms and conditions of which are

as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count 1 of the information. Count 1 charges

Defendant with structuring transactions in violation of Title 31, United States Code, Section

5324(a)(3) & (d)(1). Defendant, by entering this plea, agrees that he is waiving any statute of

limitations defense, prosecution by indictment, and any right to have the facts that the law makes

essential to the punishment either charged in the information, or proved to a jury or proven

beyond a reasonable doubt. Defendant understands that, if the Court accepts this plea agreement,

it will be bound by the parties' joint sentencing recommendation of six months' probation made

under Rule 11(c)(1)(C).

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 31, United States Code,

Section 5324(a)(3) & (d)(1) is a term of imprisonment of not more than 5 years, and a fine of not

more than $250,000. Additionally, Defendant may receive a term of supervised release after

imprisonment of not more than 1 year. *See* Title 18, United States Code, Sections 3559(a)(5) and 3583(b)(3). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for not more than 1 year without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(5) and 3583(e)(3).

### Mandatory Special Assessment

3.  Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

2

**Waiver of Appeal, Collateral Review, and Statute of Limitations**

5. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. By signing this agreement, Defendant knowingly and voluntarily waives any and all rights to assert the defense of the statute of limitations with respect to the charge contained in the criminal information, specifically Structuring Transactions, Title 31, United States Code, Section 5324(a)(3) & (d)(1), and agrees that the government may prosecute the charge regardless of when the alleged offense occurred. Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then both the offense charged in the criminal information and any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts in the superseding indictment, No. 4:22-cr-560, that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant,

3

notwithstanding the expiration of the statute of limitations between the signing of this Agreement

and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to

waive all defenses based on the statute of limitations with respect to the offense charged in the

criminal information and any prosecution that is not time-barred on the date that this Agreement

is signed.

7.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been

determined by the Court. Defendant is also aware that with the exception of the agreed-upon term

of probation, any estimate of the possible terms of his sentence range under the sentencing

guidelines that he may have received from his counsel, the United States or the Probation Office,

is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United

States, the Probation Office or the Court. The United States does not make any promise or

representation (except for the agreed-upon term of probation) concerning what sentence the

defendant will receive. Defendant further understands and agrees that the United States Sentencing

Guidelines are "effectively advisory" to the Court.  *See United States v. Booker*, 543 U.S. 220

(2005).

8.   Defendant understands and agrees that each and all waivers contained in the Agreement

are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9.   The United States agrees to each of the following:

(a)      If  Defendant pleads guilty to Count 1 of the information and persists in
that plea through sentencing, and if the Court accepts this plea agreement, the
United States will move to dismiss any remaining counts of the superseding
indictment (No. 4:22-cr-560) at the time of sentencing. The Defendant agrees that
with respect to any and all dismissed charges he is not a 'prevailing party within
the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997),

4

and will not file any claim under that law;

(b)     If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently; and

(c)     The United States will seek a sentence of six months' probation.

**Agreement Binding - Southern District of Texas, Antitrust Division of the Department of Justice, and Violent Crime and Racketeering Section of the Department of Justice Criminal Division Only**

10.   The United States Attorney's Office for the Southern District of Texas, the Antitrust Division of the Department of Justice, and the Violent Crime and Racketeering Section of the Department of Justice agree not to further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the information or the superseding indictment (No. 4:22-cr-560). This plea agreement binds only the United States Attorney's Office for the Southern District of Texas, the Antitrust Division of the Department of Justice, the Violent Crime and Racketeering Section of the Department of Justice Criminal Division, and Defendant. It does not bind any other United States Attorney's Office or Division of the United States Department of Justice. The United States Attorney's Office for the Southern District of Texas, the Antitrust Division of the Department of Justice, and the Violent Crime and Racketeering Section of the Department of Justice Criminal Division will bring this plea agreement to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

11.   The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)    to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)    to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)    to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)    to appeal the sentence imposed or the manner in which it was determined.

<b>Sentence Determination</b>

12.    The parties agree under Federal Rule of Criminal Procedure 11(c)(1)(C) that the appropriate sentence in this case is a sentence of six months' probation. Defendant is aware that the court will impose a sentence in this case after the court's consideration of the Sentencing Guidelines, which are only advisory; the provisions of Title 18, United States Code, § 3553(a); and the parties' agreement to a sentence of six months' probation under Federal Rule of Criminal Procedure 11(c)(1)(C). Defendant acknowledges and agrees that if the Court accepts this plea agreement, then the Court will sentence Defendant to six months' probation. Moreover, if the Court accepts the plea agreement and sentences the Defendant to six months' probation, Defendant will remain bound to fulfill all of the obligations under this plea agreement and cannot withdraw his guilty plea. However, if the Court rejects this plea agreement, Defendant will have the opportunity to withdraw his plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d)(2)(A).

6

## Rights at Trial

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is in fact guilty of the charge contained in Count 1 of the information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

On or about August 8, 2019, in the Southern District of Texas, Juan Hector Ramirez structured a transaction of $11,700 into six smaller transactions to evade the reporting requirements of Title 31, United States Code, Section 5313 and the regulations promulgated thereunder. Specifically, on or about August 8, 2019, Juan Hector Ramirez, with knowledge of the bank's legal obligation to report transactions in excess of $10,000, and with the intent to evade

7

that reporting obligation, knowingly structured and assisted in structuring a currency transaction with a domestic financial institution in the amount of $11,700, by depositing the following amounts into Bank of America account ending in -5300 at Bank of America automatic teller machines at branch locations in Mission, Texas, and McAllen, Texas: (1) a deposit of $3,200; (2) a deposit of $3,000; (3) a deposit of $2,600; (4) a deposit of $1,600; (5) a deposit of $1,000; and (6) a deposit of $300.

Bank of America is a domestic financial institution.

<b>Breach of Plea Agreement</b>

15.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

<b>Monetary Penalties, Assets and Financial Disclosures</b>

16.   Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17.  Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

### Financial Statement

18.  Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

19. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

### Complete Agreement

20.  This written plea agreement, consisting of 13 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States,

9

Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him/her and that he is pleading guilty freely and voluntarily because he is guilty.

21.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at __Houston__, Texas, on __January 27__, 2025.

_____
Juan Hector Ramirez
Defendant


Subscribed and sworn to before me on __January__, 2025.

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

JENNIFER B. LOWERY
Acting United States Attorney

By: _____
Alexander Alum
Assistant United States Attorney
Southern District of Texas

BRITTANY MCCLURE
MICHAEL G. LEPAGE

_____
Ashley Louise Kaper
Attorney for Defendant

10

ANNE VELDHUIS
Trial Attorneys
Antitrust Division
U.S. Department of Justice

CHRISTINA TAYLOR
Trial Attorney
Violent Crime and Racketeering Section
U.S. Department of Justice

11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | **CRIMINAL NO. 4:25-cr-** |
| | § | |
| JUAN HECTOR RAMIREZ AVILA, | § | |
| Defendant. | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending criminal information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          1/27/2025
Ashley Louise Kaper                         Date
Attorney for Defendant

12

I have consulted with my attorney and fully understand all my rights with respect to the information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____          ____1/27/2025_____
Juan Hector Ramirez Avila                 Date
Defendant

13